Estate of Minnie MILLER, Deceased, Louis Miller, Gerald J. Miller, Samuel Block, Max Holtzman and Louis C. Grossberg, successor Trustees, Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Appellee.

No. 13276.

United States Court of Appeals, Fourth Circuit.

Argued Dec. 4, 1969.

Decided Feb. 20, 1970.

---

* Honorable Frank W. Wilson, United States District Judge for the Eastern District of Tennessee, sitting by designation.

Milton I. Baldinger, Washington, D. C., for appellants.

Janet R. Spragens, Atty., Dept. of Justice (Johnnie M. Walters, Asst. Atty. Gen., Lee A. Jackson and Jonathan S. Cohen, Attys., Dept. of Justice, on the brief), for appellee.

Before SOBELOFF, BRYAN and CRAVEN, Circuit Judges.

PER CURIAM:

This tax litigation is a consequence of the transfer to a son, Gerald, of the interest in a real estate partnership of his mother, Minnie Miller, after her death. The remaining partners were her two other children and surviving husband, her executor. At the latter's suggestion Gerald considered the acquisition of the outstanding partnership share. The upshot was that, with the assent of all the other members of the firm, the executor on January 2, 1963 assigned it to Gerald for $101,986.73. Apparently there had been no bargaining about the price or any effort to realize a profit on the disposition.

The State probate court had appraised this partnership participation at $100,-000.00. After the filing of the Federal Estate Tax Return on July 6, 1962 and the transfer to Gerald, the Internal Revenue Service placed, and the executor accepted, the value of the one-fourth partnership interest at $264,097.00. The difference in what the executor received and the new value was claimed by the estate, but denied by the Commissioner of Internal Revenue, as a deductible loss in the computation of the estate's income tax.

Without detailing the intervening tax events, it is sufficient to say—and neither party questions it—that the disallowance of the deduction ultimately caused the income tax deficiency of $24,-218.07 which was assessed by the Commissioner against the estate for the fiscal year ending March 31, 1964. This amount was paid and this suit for refund followed in the Tax Court.

In the computation of income taxes the Internal Revenue Code of 1954 allows deductions for losses with this limitation:

"In the case of an individual, the deduction * * * shall be limited to—

\* \* \* \* \* \*

(2) losses incurred in any transaction entered into for profit, though not connected with a trade or business; * * *" Int.Rev.Code of 1954, § 165 (c) (2), 26 U.S.C. § 165(c) (2) (1964).

From the decision of the Tax Court, T. C.Memo. 1968–230 (November 5, 1968), 27 CCH TCM 1140, upholding the Commissioner in his denial of the deduction, the trustees of the estate of Minnie Miller appeal. That there was a loss is undisputed. Deductibility was refused because the Court declared the loss was not incurred in a "transaction entered into for profit". The Court stated that the "transaction though cast in the form of a sale was in reality a family arrangement suggested by Morris [executor and father of the transferee] and acquiesced in by the decedent's surviving children. * * *" 27 CCH TCM at 1146.

In the original notice to the taxpayer of the deficiency occasioned by the rejection of the deduction, the Commissioner based the determination on section 267 of the Internal Revenue Code of 1954, 26 U.S.C. § 267 (1964), relating to losses "with respect to transactions between related taxpayers". He conceded at trial the inapplicability of this provision, and thereafter relied upon section 165(c) (2) quoted supra. No reason in law appears why he could not thus change his position. See Malat v. Commissioner of Internal Revenue, 302 F.2d 700, 704 (9 Cir.), cert. denied 371 U.S. 934, 83 S.Ct. 308, 9 L.Ed.2d 271 (1962).

We have no justification for disturbing the findings of the Tax Court. Cer-

tainly they cannot be pronounced "clearly erroneous". Duberstein v. Commissioner of Internal Revenue, 363 U.S. 278, 80 S.Ct. 1190, 4 L.Ed.2d 1218 (1960). We affirm on the Court's statement and opinion.

Affirmed.